In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of ELIAS A. DEUTSCHMAN, an Attorney and Counselor at Law, Respondent.

Second Department, July 2, 1937.

*Charles J. Buchner*, for the motion.

*Elias A. Deutschman*, respondent in person, opposed.

PER CURIAM. Respondent was admitted to practice in May, 1907. It is conceded that on or about September 5, 1930, he received a check for $4,000 from Kate A. Macauley, his client. Respondent gave a receipt in writing, in which it was stated that the $4,000 were to be returned to Mrs. Macauley unless he purchased for her certain property known as 269 Ovington avenue, Brooklyn, at an agreed price of $20,000. The property was not bought by him, and respondent should have returned the $4,000. It is admitted by the petitioner that $2,430 were returned, but not the balance of $1,570. Respondent asserts that it was all returned, $2,000 about the time that the sale of the premises took place and the balance of $2,000 invested for her at her request in a real estate corporation in which respondent was interested. The complainant was John A. Macauley, widower of Kate A. Macauley. When the matter came on for hearing before the official referee, Macauley also had died. Respondent was condemned by his own testimony. He said that the $4,000 receipt had been returned by Mrs. Macauley to him after he had accounted for the $4,000, yet upon the hearing it was found in possession of the petitioner, having been received from the complainant. Respondent had no explanation for this. He had no receipt for the $2,000 which he said was paid in cash. He had no check or other voucher therefor. As to the stock which he says was transferred to Mrs. Macauley for the balance of $2,000, he had no stock book or any documents or books of any kind to evidence the execution or delivery of such stock or any other part of the transaction with Mrs. Macauley. It was proved that before the time when respondent claims the stock was delivered, the company

had disposed of its holdings and had no transactions subsequent to that time. Although there was no direct proof presented by petitioner that the $4,000 were not returned, the story told by respondent, that the money was accounted for, is unbelievable.

The meaning of all this is that respondent has converted his client's money and must be disbarred.

The motion to confirm the report of the official referee should be granted and respondent disbarred.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ.

Motion to confirm report of official referee granted, respondent disbarred and his name ordered to be struck from the roll of attorneys.